LJF:RMT

**M10- 609**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

SHEVIN CONNELLY and
BRYSON DEFREITAS,

Defendants.

- - - - - - - - - - - - - - - - -X

COMPLAINT AND AFFIDAVIT IN
SUPPORT OF ARREST WARRANTS

(T. 21, U.S.C., § 963)

EASTERN DISTRICT OF NEW YORK, SS:

SCOTT SALAMON, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), duly appointed according to law and acting as such.

Upon information and belief, on or about April 2, 2009, within the Eastern District of New York and elsewhere, the defendants SHEVIN CONNELLY and BRYSON DEFREITAS did knowingly and intentionally conspire to import a controlled substance into the United States from a place outside thereof, which offense involved a substance containing heroin, a Schedule I controlled substance, in violation of 21 U.S.C. § 952(a).

(Title 21, United States Code, Section 963.)

The source of your deponent's information and the grounds for his belief are as follows:

1. I have been a special agent with ICE for more than three years. I am currently assigned to the John F. Kennedy International Airport ("JFK") Narcotics Smuggling Unit. Set forth below is information that I and other law enforcement agents have gathered during the course of our investigation into an ongoing conspiracy to smuggle heroin into the United States through JFK in Queens. During the course of this investigation, I and other federal law enforcement agents have reviewed travel record databases, examined financial records, and conducted numerous interviews with two confidential informants ("CI1" and "CI2").[1]

2. CI1 told law enforcement agents that on numerous occasions he has smuggled pellets containing heroin into the United States by swallowing them. He said that approximately two years ago he recruited defendant BRYSON DEFREITAS to smuggle heroin from Guyana into the United States with him. CI1 said that this trip was organized and paid for by a co-conspirator ("CC") who frequently arranges for individuals to smuggle heroin into the United States.

3. CI1 said that since that first trip with defendant

---

[1] Because the purpose of this Complaint is to state only probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

BRYSON DEFREITAS, DEFREITAS has smuggled heroin into the United States for CC on several occasions and recruited others to smuggle heroin for CC.

4. CI1 picked a photograph of defendant BRYSON DEFREITAS out of an array of six photographs and identified him as having smuggled heroin with him from Guyana into the United States approximately two years ago.

5. According to law enforcement databases, CI1 traveled from JFK to Georgetown, Guyana on or about August 5, 2007, and defendant BRYSON DEFREITAS traveled from JFK to Georgetown, Guyana on or about August 6, 2007. Those same databases indicate that CI1 returned on a flight to JFK from Georgetown, Guyana on or about August 10, 2007, but there is no record of DEFREITAS returning to the United States on that trip. Law enforcement databases also show that CI1 traveled from JFK to Georgetown, Guyana on or about December 11, 2007, and DEFREITAS traveled from JFK to Georgetown, Guyana on or about December 15, 2007. CI1 then returned on a flight to JFK from Georgetown, Guyana on or about January 7, 2008, and DEFREITAS returned on a flight to JFK from Georgetown, Guyana on or about January 12, 2008.

6. In or about the summer of 2009, CI1 was stopped by Customs and Border Protection ("CBP") officers at JFK after he arrived on a flight from Georgetown, Guyana. CI1 was detained

for a monitored bowel movement and ultimately passed 30 pellets containing heroin with a gross weight of approximately 1,128 grams.

7. CI2 told law enforcement agents that in or about March 2009, he traveled to St. Maarten with defendants SHEVIN CONNELLY and BRYSON DEFREITAS. CI2 stated that this trip was funded by CC, who gave DEFREITAS money with which to purchase airline tickets for CI2, CONNELLY and DEFREITAS. Prior to returning to the United States, CI2 and CONNELLY each swallowed pellets containing heroin that they received from an individual in St. Maarten called "Gato." CI2 stated that the heroin contained in those pellets belonged to CC.

8. CI2 stated that in addition to swallowing pellets, defendant SHEVIN CONNELLY also concealed pellets in his pants, and that altogether CONNELLY smuggled approximately 40-50 pellets containing heroin. CI2 said he swallowed smuggled approximately 40-50 pellets containing heroin. CI2 said that defendant BRYSON DEFREITAS did not swallow any pellets on this trip because he was sick, but he arranged the meeting with "Gato" and wrapped the pellets that CI2 and CONNELLY swallowed. CI2 said DEFREITAS was also present when CI2 and CONNELLY were swallowing the pellets.

9. CI2 said that he and defendants SHEVIN CONNELLY and BRYSON DEFREITAS then flew together back to the United States into JFK. Upon arriving at the airport, they were picked up in a

van driven by DEFREITAS's cousin. CI2 said DEFREITAS ultimately paid him approximately $2,000 for the heroin that he had smuggled back into the country. DEFREITAS paid CONNELLY approximately $1,500 for the heroin that he had smuggled. CI2 said CONNELLY received less money for the trip because he had smuggled a smaller amount of heroin than CI2. CI2 said he understood that this money came from CC.

10. CI2 picked a photograph of defendant SHEVIN CONNELLY out of an array of six photographs and identified him as one of the individuals who smuggled heroin with him from St. Maarten into the United States in approximately March 2009.

11. CI2 also picked a photograph of defendant BRYSON DEFREITAS out of an array of six photographs and identified him as another of the individuals who smuggled heroin with him from St. Maarten into the United States in approximately March 2009 and who paid him approximately $2,000 for smuggling the heroin on that trip.

12. According to law enforcement databases, on April 2, 2009, CI2 traveled with defendants SHEVIN CONNELLY and BRYSON DEFREITAS on American Airlines Flight 600 from St. Maarten to JFK.

13. In or about the fall of 2009, CI2 was arrested after CBP at JFK found 45 pellets containing heroin in his luggage during a routine inspection. CI2 then admitted to CBP

officers that he had also swallowed pellets. He consented to an x-ray, which was positive for the presence of foreign bodies. CI2 eventually passed a total of 11 pellets. The substance contained in those pellets field-tested positive for heroin. Altogether, the net weight of the heroin that CW1 smuggled into the United States on that date was 430.6 grams. CI2 told law enforcement agents that the heroin he was smuggling belonged to CC.

WHEREFORE, your deponent respectfully requests that arrest warrants be issued for the defendants SHEVIN CONNOLLY and BRYSON DEFREITAS so that they may be dealt with according to law.

_____
SCOTT SALAMON
Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Sworn to before me this
27th day of May, 2010

_____
UNITED STA
EASTERN DI       S/Go